209 N.J. Super. 23 (1986)
506 A.2d 1237
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT W. BOTTOMLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1985.
Decided January 31, 1986.
Before Judges J.H. COLEMAN and LONG.
Palmisano & Goodman, Pa. attorneys for appellant (Eric R. Schwab, of counsel and on the brief).
Alan A. Rockoff, Middlesex County Prosecutor, attorney for respondent (Abraham Chasnoff, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by LONG, J.A.D.
*24 After a trial in the Woodbridge Township Municipal Court, Robert W. Bottomly was convicted of driving while under the influence of alcohol (N.J.S.A. 39:4-50); refusal to submit to a chemical test (N.J.S.A. 39:4-50.2); and failure to have a license and registration in his possession (N.J.S.A. 39:3-29). The judge imposed a fine of five dollars and assessed five dollars in court costs on the license and registration violations. In addition he fined Bottomly $250 and assessed court costs of $15 on each of the alcohol related offenses. Bottomly also was assessed a $100 insurance surcharge and his driver's license was suspended for one year.
The sentence was stayed and an appeal de novo was heard in the Superior Court, Law Division where Judge Bachman again found Bottomly guilty of all four offenses. He imposed the exact sentence which had been stayed in the Municipal Court with an additional assessment of court costs. Thereafter Bottomly successfully applied for modification of his sentence, the suspension portion of which was reduced from one year to six months.
This appeal ensued in which Bottomly claims that the following errors warrant reversal.
Point I The stop of appellant's vehicle by the Woodbridge Township Police officers was without probable cause and constituted an unlawful search and seizure.
Point II Appellant was not afforded Miranda rights, hence, his responses to questions posed during custodial interrogation are inadmissible.
We find that these contentions are without merit. In our view Judge Bachman's analysis of the issues presented was entirely proper as was his conclusion that there was ample admissible evidence in the record to undergird Bottomly's convictions. We thus affirm substantially for the reasons expressed in Judge Bachman's opinion of November 5, 1984.
Affirmed.